IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **HSBC BANK USA,** *et al.***,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-02193-L** |
| | § | |
| **BARRI L. PEARSON AND ALL** | § | |
| **OCCUPANTS,** | § | |
| | § | |
| Defendants. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Plaintiff's Motion to Remand Proceeding (Doc. 5), filed June 12, 2013.

For the reasons herein explained, the court **grants** Plaintiff's Motion to Remand Proceeding and

**remands** the action to County Court at Law No. 4, Dallas County, Texas, from which it was

removed.

**I.      Discussion**

This action arises from a forcible detainer eviction proceeding initiated in Texas state court

by HSBC Bank USA ("Plaintiff") against Defendants Barri L. Pearson and All Occupants of 2110

Reynoldston Lane, Dallas, Texas, 75232, Dallas County, Texas ("Defendants").  The forcible

detainer action was set for trial in state court on June 14, 2012.  On June 12, 2013, Defendants

removed the case to federal court based on diversity jurisdiction.  Plaintiff moved to remand the case

on the grounds that removal is improper because Barri Pearson alleges in the Notice of Removal that

he is a citizen of the State of Texas.   The court agrees.

A defendant may remove to federal court a civil action over which the federal court has

diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). 28 U.S.C. § 1441(b). Section 1441(b) make

**Memorandum Opinion and Order – Page 1**

clear, however, that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.*.  Defendants acknowledge in their Notice of Removal that they are citizens of Texas.  Thus, even if  the parties are citizens of different states and assuming that Defendants could satisfy the amount in controversy requirement[*] necessary for subject matter jurisdiction based on diversity of citizenship, removal of this case would still be improper because the removal statute does not permit a case to be removed from state to federal court if any defendant is a citizen of the state in which the action is brought. *Id.*; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *McKay v. Boyd Constr. Co.*, 769 F.2d 1084, 1087 (5th Cir. 1985).  Removal of this case was therefore procedurally improper and it must be remanded.

## II.     Conclusion

For the reasons explained, this action was improperly removed pursuant to 28 U.S.C. § 1441(b).  The court therefore **grants** Plaintiff's Motion to Remand Proceeding (Doc. 5) and **remands** the action to County Court at Law No. 4, Dallas County, Texas, from which it was removed.  The clerk of the court **shall** effect the remand in accordance with the usual procedure.

---

[*] Defendants allege that the amount in controversy requirement is satisfied because the market value of the property at issue is $87,780; however, the amount in controversy in a forcible detainer action such as this is not the value of the property itself but instead the value of the right to occupy or immediate possession of the property. *See, e.g., Wells Fargo Bank NA v. Carson,* 3:11-CV-00963-M(BF), 2012 WL 3454142, at *2 (N.D. Tex. July 23, 2012), *report accepted by* 2012 WL 3518029 (N.D. Tex. Aug. 15, 2012); *Wells Fargo Bank, N.A. v. Santana*, No. 3:10-CV-923-B, 2010 WL 5313734, at *2 (N.D. Tex. Dec. 20, 2010);  *Federal Nat'l Mortg. Assoc. v. Elliot*, No. 3:10-CV-758-L, 2010 WL 3304240, at *5 (N.D. Tex. Aug. 19, 2010); *BAC Home Loans Servicing, LP v. Pace*, No. 3:10-CV-1038–K, 2010 WL 3447153, at *3 (N.D. Tex. Aug. 31, 2010).

**Memorandum Opinion and Order – Page 2**

**It is so ordered** this 17th day of June, 2013.

Sam A. Lindsay
United States District Judge